## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW HAMPSHIRE

Robert V. Towle

    v.                                 Civil No. 12-cv-299-PB

Hon. Timothy J. Vaughan and
Hon. Peter H. Bornstein

## REPORT AND RECOMMENDATION

Robert V. Towle, an inmate at the Coos County House of Corrections, has filed a complaint (doc. no. 1), pursuant to 42 U.S.C. § 1983, against two New Hampshire Superior Court judges, seeking damages.  The matter is before the court for preliminary review to determine, among other things, whether the complaint states any claim upon which relief might be granted.  See 28 U.S.C. § 1915A(a)-(b); United States District Court District of New Hampshire Local Rule ("LR") 4.3(d)(2).

### Standard for Preliminary Review

Pursuant to LR 4.3(d)(2) and 28 U.S.C. § 1915A(a), the magistrate judge conducts a preliminary review of pro se in forma pauperis complaints filed by inmates, before defendants have an opportunity to respond to the claims.  The magistrate judge may direct service of the complaint, or, as appropriate,

recommend to the district judge that one or more claims be dismissed if: the court lacks subject matter jurisdiction, a defendant is immune from the relief sought, the complaint fails to state a claim upon which relief may be granted, the allegation of poverty is untrue, or the action is frivolous or malicious.  See 28 U.S.C. § 1915A(b); LR 4.3(d)(2).

In determining whether a pro se complaint states a claim, the court must construe the complaint liberally.  See Erickson v. Pardus, 551 U.S. 89, 94 (2007) (per curiam).  To survive preliminary review, the complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  See Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)); Sepúlveda-Villarini v. Dep't of Educ., 628 F.3d 25, 29 (1st Cir. 2010).  To determine plausibility, the court treats as true all well-pleaded factual allegations, and construes all reasonable inferences drawn therefrom in the plaintiff's favor.  See Ocasio-Hernández v. Fortuño-Burset, 640 F.3d 1, 12 (1st Cir. 2011).

**Discussion**

Towle complains that bail decisions made by Judge Vaughan in Towle's state criminal case, and by Judge Bornstein in

Towle's codefendants' criminal case, violated Towle's constitutional rights.  A judge is immune from damages suits for acts taken within his or her judicial capacity, unless the judge's challenged actions are "'taken in the complete absence of all jurisdiction.'"  Nystedt v. Nigro, 700 F.3d 25, 31 (1st Cir. 2012) (quoting Mireles v. Waco, 502 U.S. 9, 12-13 (1991)); see also Stump v. Sparkman, 435 U.S. 349, 356-67, 360 (1978).  "Judicial acts are those that are 'intimately associated' with the judicial function."  Nystedt, 700 F.3d at 31 (quoting Burns v. Reed, 500 U.S. 478, 486 (1991)).  The "judicial function" is "the adjudication of disputes between parties."  Nystedt, 700 F.3d at 31.

A judge is not divested of immunity when he or she is wrong, or acts with malice or bad faith.  See id. at 32-33.  Further, a judge acting in excess of his or her statutory authority, while performing a judicial act, is entitled to judicial immunity.  See Mireles, 502 U.S. at 12 ("If judicial immunity means anything, it means that a judge 'will not be deprived of immunity because the action he took was in error . . . or was in excess of his authority.'" (quoting Stump, 435 U.S. at 356)).

3

Presiding over a criminal case, which is a dispute between the state and the accused, is a judicial function.  Bail decisions are judicial acts that occur during, and are intimately associated with, that judicial function.  Even assuming, without deciding, that Judges Vaughan and Bornstein entered bail orders that exceeded their statutory authority, they are absolutely immune from an action for damages challenging those judicial acts.  Towle's action should therefore be dismissed in its entirety.  See 28 U.S.C. § 1915A(b)(2); LR 4.3(d)(2)(A)(i).

## Conclusion

For the foregoing reasons, the court recommends dismissal of this action.  Any objections to this report and recommendation must be filed within fourteen days of receipt of this notice.  See Fed. R. Civ. P. 72(b)(2).  Failure to file objections within the specified time waives the right to appeal the district court's order.  See United States v. De Jesús-Viera, 655 F.3d 52, 57 (1st Cir. 2011), cert. denied, 132 S. Ct. 1045 (2012); Sch. Union No. 37 v. United Nat'l Ins. Co., 617 F.3d 554, 564 (1st Cir. 2010) (only issues fairly raised by objections to magistrate judge's report are subject to review by

district court; issues not preserved by such objection are precluded on appeal).

_____
Landya McCafferty
United States Magistrate Judge

December 20, 2012

cc:  Robert V. Towle, pro se

LBM:jba